IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Doris Clarke, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 14 C 4938 |
| Second Round Sub, LLC, a Texas limited liability company, and P&B Capital Group, LLC, a New York limited liability company, | ) ) ) ) ) ) |
|     Defendants. | )    <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Doris Clarke, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Doris Clarke ("Clarke"), is a citizen of the State of Virginia, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Mohawk furniture account, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program

("LASPD"), located in Chicago, Illinois.

4. Defendant, Second Round Sub, LLC ("Second Round"), is a Texas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Second Round operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Second Round was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Second Round is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant, P&B Capital Group, LLC ("P&B"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. P&B operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant P&B was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Second Round and P&B are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants Second Round

and P&B both conduct business in Illinois.

8.     Moreover, Defendants Second Round and P&B are each licensed as collection agencies in Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>.  In fact, Defendants Second Round and P&B both act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9.     Ms. Clarke is a senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a Mohawk furniture account.  At some point in time after that debt became delinquent, Defendant Second Round bought/obtained Ms. Clarke's alleged debt, and when Second Round began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10.    Specifically, Defendant Second Round had its Illinois-based attorneys, Dynia & Associates ("Dynia"), demand payment of the Mohawk debt from Ms. Clarke, which did so by sending her collection a letter dated December 23, 2013.  A copy of this collection letter is attached as Exhibit <u>C</u>.

11.    Accordingly, on January 30, 2014, one of Ms. Clarke's attorneys at LASPD informed Defendant Second Round, through its attorney, Dynia, that Ms. Clarke was represented by counsel, and directed Defendant Second Round to cease contacting her, and to cease all further collection activities because Ms. Clarke was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

12. Nonetheless, Defendant Second Round hired Defendant P&B to collect the Mohawk debt, which did so by calling her attorneys at LASPD on June 10, 2014. That same day, Ms. Clarke's attorneys at LAPSD wrote to Defendants to confirm their representation of Ms. Clarke and reiterate her refusal to pay the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

13. Undeterred, on June 12, 2014, Defendants called Ms. Clarke's home phone number, as well as her husband's cell phone number, from telephone number 888-569-9635, to attempt to collect the Mohawk debt.

14. This forced Ms. Clarke's attorneys at LASPD to have to write to Defendants again to demand that they cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, the letters from Ms. Clarke's agent/attorney, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

20. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendants knew, or readily could have known, that Ms. Clarke was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. Clarke was represented by counsel, and had directed a cessation of communications with Ms. Clarke. By directly calling Ms. Clarke, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

24. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Doris Clarke, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Clarke, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Doris Clarke, demands trial by jury.

Doris Clarke,

By: /s/ David J. Philipps\_\_\_
One of Plaintiff's Attorneys

Dated: June 30, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6